Patrick T. Holscher, WY Bar No. 5-2724
Peter J. Timbers, WY Bar No. 6-4285
Meggan J. Hathaway, WY Bar No. 7-4856
Kevin P. Bell, WY Bar No. 8-6656
Schwartz, Bon, Walker & Studer LLC
141 S. Center Street, Suite 500
Casper, WY 82601
Tel: (307) 235-6681 | Fax: (307) 234-5099
pat@schwartzbon.com
timbers@schwartzbon.com
mhathaway@schwartzbon.com
kbell@schwartzbon.com
***Attorneys for Defendants***

UNITED STATES DISTRICT COURT
DISTRICT OF WYOMING

TERRI LESLEY, an individual,

Plaintiff,

v.

CAMPBELL COUNTY, a municipality;
CAMPBELL COUNTY BOARD OF COMMISSIONERS;
CAMPBELL COUNTY PUBLIC LIBRARY SYSTEM BOARD OF TRUSTEES;
DEL SHELSTAD, in his individual capacity;
COLLEEN FABER, in her individual capacity;
SAGE BEAR, in her individual capacity;
CHARLES BUTLER, in his individual capacity;
CHELSIE COLLIER, in her individual capacity; and
DARCY LYON, in her individual capacity.

Defendants.

Case No. 25-CV-00100

**ANSWER OF DEFENDANTS CAMPBELL COUNTY, CAMPBELL COUNTY BOARD OF COMMISSIONERS, CAMPBELL COUNTY PUBLIC LIBRARY SYSTEM BOARD OF TRUSTEES; DEL SHELSTAD, COLLEEN FABER, SAGE BEAR, CHARLES BUTLER, CHELSIE COLLIER, AND DARCY LYON**

Defendants, Campbell County, Campbell County Board of Commissioners, Campbell County Public Library System Board of Trustees, Del Shelstad, Colleen Faber, Sage Bear, Charles

Butler, Chelsie Collier, and Darcy Lyon answer Plaintiff Terri Lesley's complaint against them as follows:

1. The Plaintiff commences her complaint with a long inaccurate, self-laudatory introduction, making various statements and claims which may or may not constitute a series of allegations, and therefore it is unclear if they require a response. Portraying herself as a champion of free speech, in reality, Ms. Lesley long indicated she supported the actions of the Library Board in seeking to have certain books removed from the children's section of the library, to the adult section, something that is far from an act of censorship.

Campbell County, Wyoming is a duly organized county, not a municipality, within the State of Wyoming having been formed junior to statehood in 1911. The County, like all Wyoming counties, is governed by elected Commissioners. WS 18-1-101, WS 18-5-501 et seq.

Campbell County has a public library. Like all public libraries in Wyoming, the library is statutorily governed by a library board, not the County Commissioners. The only role of the County Commissioners is to appoint members of the Library Board, termed "directors", after which they are independent of the County Commissioners and the County. The governing statutes provides:

**18-7-103. Library fund under control of board of directors; appointment, powers, duties, terms of directors; manner of filling vacancies on board.**

(a) The control, use and disposition of the county library fund is entrusted to the county library board of directors which shall budget and expend the fund for the maintenance, operation and promotion of the county library and county library system in order to carry out the informational, educational, cultural and recreational role of the county library.

(b) The county library board of directors shall be appointed by the county commissioners and shall be composed of not less than three (3) and not more than five (5) competent and responsible residents who are representative of the entire county and who shall serve without compensation. Before entering upon his duties the treasurer of the county library board shall execute and deposit with the county commissioners a good and sufficient bond for the faithful

performance of his duties in an amount required by the county commissioners. The bond shall be payable to the people of the state of Wyoming and be approved by the county commissioners. One (1) director shall be appointed for one (1) year, one (1) director (or two (2) if the board consists of four (4) or five (5) members) shall be appointed for two (2) years, and one (1) director (or two (2), if the board consists of five (5) directors) shall be appointed for three (3) years, each term to commence on July 1 following the appointment. Thereafter the county commissioners shall before July 1 of each year appoint a director or directors to replace the retiring director or directors for a term of three (3) years and until a successor is appointed. A director may be appointed for two (2) consecutive terms and shall not be eligible for reappointment until two (2) years after the expiration of his second term.

(c) The county commissioners may remove any director for misconduct or neglect of duty. Vacancies on the board of directors shall be filled by the county commissioners for the balance of the unexpired term created by the vacancy.

It is the Library Board, not the County Commissioners or the County that hires, fires, or otherwise deals with employees, for a library, or in this case, the Campbell County Library.

**18-7-104. Authority of board to receive and dispose of property; appointment of librarian; library staff.**

The library board of directors may receive and be responsible for real estate, money or other property to aid the establishment, maintenance or operation of the county library system. If received as a donation, they shall carefully observe as the trustee the conditions accompanying every such gift. When the board of directors determines it is in the best interests of the county library and in keeping with the purpose of the donor, it may with the approval of the board of county commissioners sell, exchange or otherwise dispose of such real estate or other property. The board of directors shall appoint a competent librarian who with the approval of the board of directors shall appoint a library staff. The duties and compensation of the staff shall be determined by the board.

Terri Lesley was an employee of the Campbell County Library Board for a number of years, the last eleven (11) of which she was the "Executive Director" of the Library, that position of course being distinct from being a "director" as defined by statute. She was terminated by the Campbell County Library Board on July 28, 2023, because of concerns with her performance as Director. Lesley was not terminated because of any association with LGBTQ+ people. Lesley was not terminated in retaliation for engaging in protected activity. Lesley was not terminated in

anticipation that she would engage in protected activity or opposition to discrimination. Finally, Lesley did not advocate for protected class members and such an allegation had nothing to do with her termination. There were multiple, legitimate, non-retaliatory rationales for Lesley's termination.

The facts alleged by Lesley, and the law she cites, do not support her claims of discrimination or any violation of her civil rights. All the allegations contained in the "Introduction" in her complaint are denied.

2. The Plaintiff's complaint contains numerous run-on allegations combined with self-praise and invective language towards her opponents in what amounts to a speaking complaint. Given this, it is not possible to sperate individual partially true statements from partially false one. Given this, overall, each and every one of the Plaintiff's claims is denied, in addition to what is specifically set out below.

3. Plaintiff's complaint is an improper run-on narrative combining fact, fable, self-praise, and a self-heroic, tale which is not suitable for a complaint, and which makes addressing specifical allegations impossible. Given this, each and every paragraph in the plaintiff's complaint is objected to and denied, irrespective of what is more specifically set out below, and the answering parties move to strike the compliant and move to seek a more definite statement which comports with conventional pleading.

4. The allegations contained in paragraphs 1, 2, 5, 6, 7, 9, 20, 29, 30, 31, 32, 33, 39, 41, 43, 44, 45, 52, 53, 54, 60, 64, 68, 70, 73, 81, 84, 85, 86, 87, 94, 95, 96, 97, 98, 99, 99, 100, 101, 102, 103, 105, 106, 107, 109, 110, 115, 117, 135, 136, 137, 138, 139, 145, 146, 147, 148, 149, 150, 151, 152, 153, 155, 158, 162, 163, 167, 189, 206, 207, 208, 212, 216, 217, 218, 219, 222, 224, 225, 226, 227, 230, 231, 232, 233, 241, 247, 248, 250, 261, 262, 263, 265, 266, 274,

275, 276, 277, 278, 283, 284, 288, 292, 293, 294, 295, 296, 298, 299, 300, 301, 302, 303, 304, 305, 306, 307, 308, 309, 313, 314, 318, 319, 320, 321, 322, 330, 331, 332, 333, 336, 337, 339, 340, 241, 242, 343, 344, 345, 346, 349, 350, 351, 352, 353, 354, 355, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 369, 370, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 385, 386, 387, 388, 389, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400, 401 and all footnotes, are denied

5. The allegations contained in paragraphs 3, 10, 11, 12, 13, 14, 15, 16, 17, 18, 21, 22, 23, 24, 25, 26, 27, 28, 34, 35, 36, 37, 38, 40, 55, 62, 65, 69, 72, 80, 82, 93, 108, 134, 154, 157, 174, 175, 176, 185, 193, 203, 220, 223, 237, 242, 246, 249, 251, 252, 253, 260, 267, 279, 281, 282, 286, 287, 297 310, 311, 312, 315, 316, 317, 335, 348, 368, and 384 are admitted.

6. The truth or accuracy of the allegations contained in paragraphs 42, 46, 47, 48, 49, 50, 51, 57, 58, 61, 63, 66, 67, 71, 91, 104, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 156, 160, 179, 254, 255, 256, 257, 258, 259, and 280, are not known to the answering party and therefore they deny the same.

7. As to the allegations contained in paragraphs 19, 56, 59, 88, 89, 90, 116, 177, 178, 180, 181, 182, 183, 188, 190, 195,196, 197, 198, 199, 200, 201, 202, 204, 205, 209, 210, 211, 213, 214, 215, 239, 240, 241, 243, 244, 245, 24 264, 268, 269, 270, 271, 272, 273, 285, 290, and 291, said statements speak for themselves and therefore need not be admitted or denied. To the extent that said paragraphs allege fault against any of the answering parties, they are denied.

8. As to the allegations contained in paragraphs, 74, 75, 76, 77, 78, 79, 83, 92, 111, 112, 113, 114, 118, 119, 120, 121, 122, 140, 141, 142, 143, 144, 159, 161, 164, 165, 166, 168, 169, 170, 171, 172, 173, 184, 191, 192, 194, 221, 228, 229, 234, 235, and 236, these are directed

at individuals who are not parties to this dispute, and therefore need not be responded to. To the extent that these paragraphs allege any claims against the answering parties, they are denied.

9. As to the allegations contained in paragraph 4 of the Plaintiff's complaint, the answering party admits that Terri Lesley is a resident of Gillette, Campbell County, Wyoming and that Campbell County is located in northeastern Wyoming. All other allegations contained therein are denied.

10. As to the allegations contained with in paragraph 8 of the Plaintiff's complaint, the answering party admits that the Board of Campbell County Commissioners is the governing board of Campbell County. All other allegations contained therein are denied.

11. As to the allegations contained in paragraph 186 and 187 of the Plaintiff's complaint, there is not a "Cambell" County. Presuming that this refers to Campbell County, said allegation is admitted.

12. As to the allegations contained in paragraph 238 of the Plaintiff's complaint, said paragraph appears to be lacking some original content or text, and therefore cannot be fully responded to. To the extent anything is alleged against the answering party, the same is denied.

13. As to the allegations in paragraph 289, this is the District of Wyoming, not Texas, the subject allegation is irrelevant. The answering party therefore moves to strike the allegation.

14. The allegation contained in paragraph 324, 325, 326, 327, 328, 329, 338, and 367, of the Plaintiff's complaint is a summation of what she alleges or a summation of what she alleges the law to be, and not an allegation itself, and therefore requires no response. To the extent a response is required, the answering party denies the same.

15. The allegations contained in paragraphs 323, 334, 347, and 383, merely restate and reallage those paragraphs set out above them and therefore do not require a response. To the extent

that a response is required, the answering parties incorporate their answers to the incorporated allegations. Any allegation not specifically admitted is denied.

16. The Plaintiff's complaint contains numerous accusations of a personal nature, while also engaging in self-praise. The answering party therefore moves to strike all characterizations contained in the complaint and all accusations of personal motivations, as well as all claims to self-nobility by the Plaintiff.

17. The answering parties deny that they every sought to ban books from the Campbell County library.

18. The answering parties denied that they ever took action, in whole or in part, to prohibit the Plaintiff from doing her job.

19. Each and every allegation not specifically admitted above is denied.

## AFFIRMATIVE DEFENSES

1. All claims against individual County Commissioners and the Campbell County Commission fail to state claims upon which relief can be granted, as Campbell County has a public library which statutorily governed by a library board, not the County Commissioners. The only role of the County Commissioners is to appoint members of the Library Board, termed "directors", after which they are independent of the County Commissioners and the County. The governing statutes provides:

> **18-7-103. Library fund under control of board of directors; appointment, powers, duties, terms of directors; manner of filling vacancies on board.**
>
> (a) The control, use and disposition of the county library fund is entrusted to the county library board of directors which shall budget and expend the fund for the maintenance, operation and promotion of the county library and county library system in order to carry out the informational, educational, cultural and recreational role of the county library.

(b) The county library board of directors shall be appointed by the county commissioners and shall be composed of not less than three (3) and not more than five (5) competent and responsible residents who are representative of the entire county and who shall serve without compensation. Before entering upon his duties the treasurer of the county library board shall execute and deposit with the county commissioners a good and sufficient bond for the faithful performance of his duties in an amount required by the county commissioners. The bond shall be payable to the people of the state of Wyoming and be approved by the county commissioners. One (1) director shall be appointed for one (1) year, one (1) director (or two (2) if the board consists of four (4) or five (5) members) shall be appointed for two (2) years, and one (1) director (or two (2), if the board consists of five (5) directors) shall be appointed for three (3) years, each term to commence on July 1 following the appointment. Thereafter the county commissioners shall before July 1 of each year appoint a director or directors to replace the retiring director or directors for a term of three (3) years and until a successor is appointed. A director may be appointed for two (2) consecutive terms and shall not be eligible for reappointment until two (2) years after the expiration of his second term.

(c) The county commissioners may remove any director for misconduct or neglect of duty. Vacancies on the board of directors shall be filled by the county commissioners for the balance of the unexpired term created by the vacancy.

It is the Library Board, not the County Commissioners or the County that hires, fires, or otherwise deals with employees, for a library, or in this case, the Campbell County Library.

**18-7-104. Authority of board to receive and dispose of property; appointment of librarian; library staff.**

The library board of directors may receive and be responsible for real estate, money or other property to aid the establishment, maintenance or operation of the county library system. If received as a donation, they shall carefully observe as the trustee the conditions accompanying every such gift. When the board of directors determines it is in the best interests of the county library and in keeping with the purpose of the donor, it may with the approval of the board of county commissioners sell, exchange or otherwise dispose of such real estate or other property. The board of directors shall appoint a competent librarian who with the approval of the board of directors shall appoint a library staff. The duties and compensation of the staff shall be determined by the board.

2. The Plaintiff lacks clean hands in that the Plaintiff seeks to hinder public officials in their duties and suppress free speech through the subject suit.

3. The Plaintiff's claims fail to state a claim for which relief can be granted as under the current state of the law it is not certain that there is a recognized protected class to base her claims upon.

4. All applicable immunity, including, but not limited to (and only as applicable), tort/negligence immunity, statutory tort/negligence immunity, punitive damages immunity, and sovereign immunity;

5. The existence of legitimate non-retaliatory reasons which justified any alleged action taken and the lack of alleged pretext;

WHEREFORE, Defendants pray that judgment be granted in their favor, and against the Plaintiff, and that the Court grant such further and additional relief to the Defendants as the Court may deem to be just and equitable.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Defendants hereby request a jury trial on all claims and issues in this case.

**DATED** this 16th day of July 2025.

*/s/ Patrick T. Holscher*
Patrick T. Holscher, WY Bar No. 5-2724
Peter J. Timbers, WY Bar No. 6-4285
Meggan J. Hathaway, WY Bar No. 7-4856
Kevin P. Bell, WY Bar No. 8-6656
Schwartz, Bon, Walker & Studer LLC
141 S. Center Street, Suite 500
Casper, WY 82601
Tel: (307) 235-6681 | Fax: (307) 234-5099
pat@schwartzbon.com
timbers@schwartzbon.com
mhathaway@schwartzbon.com
kbell@schwartzbon.com
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the forgoing ***Answer of Defendants Campbell County, Campbell County Board Of Commissioners, Campbell County Public Library System Board Of Trustees; Del Shelstad, Colleen Faber, Sage Bear, Charles Butler, Chelsie Collier, and Darcy Lyon*** was served on the following counselor(s) through CM/ECF electronic service of the Court on this 16th day of July 2025.

Iris Halpern
Azra Taslimi
Stephanie Wise
Qusair Mohamedbhai
Rothod Mohamedbhai LLC
2701 Lawrence Street
Denver, CO 80205
Tel: (303) 578-4400
ih@rmlawyers.com
at@rmlawyers.com
sw@rmlawyers.com
qm@rmlawyers.com
***Attorneys for Plaintiff***

*/s/ Patrick T. Holscher*
Patrick T. Holscher
Schwarz, Bon, Walker & Studer, LLC