# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

TERRI LESLEY,

    Plaintiff,

vs.                                              Case No. 2:25-cv-00100-ABJ

CAMPBELL COUNTY, CAMPBELL COUNTY
BOARD OF COMMISSIONERS, CAMPBELL
COUNTY PUBLIC LIBRARY SYSTEM BOARD
OF TRUSTEES, DEL SHELSTAD, COLLEEN
FABER, SAGE BEAR, CHARLES BUTLER,
CHELSIE COLLIER, DARCY LYON,

    Defendants.

**JOINT REPORT OF MEETING**
**and**
**PROPOSED JOINT DISCOVERY AND CASE MANAGEMENT PLAN**
**Under Rule 26(f) of the Federal Rules of Civil Procedure**
(Please restate the instruction in **bold** before furnishing the responsive information.)

**(The parties' proposed plan is subject to revision and modification by the Court at the Initial Pretrial Conference.)**

1

1.  **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held and identify the counsel for each party or any unrepresented *pro se* individual who attended. The name of the participant, address, bar number (where applicable), telephone and fax numbers, and email addresses must be provided.**

    Pursuant to Fed. R. Civ. 26(f), a conference was conducted between counsels for the parties by zoom on August 4, 2025. Plaintiff Terri Lesley was represented by Azra Taslimi and Stephanie Wise of Rathod Mohamedbhai LLC and Defendants were represented by Patrick Holscher of Schwartz, Bon, Walker & Studer LLC.

2.  **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

    Terri Lesley v. Hugh, Susan, and Kevin Bennett
    Case No. 23-cv-00177-ABJ

    Although the matters are factually related, the parties do not seek consolidation, as the legal and factual issues presented in each case are sufficiently distinct to warrant separate proceedings.

3.  **Briefly describe what this case is about.**

    This case involves Plaintiff Terri Lesley's allegations against Defendants under Title VII of the Civil Rights Act of 1964 for sex discrimination, hostile work environment, and retaliation on the basis of association, advocacy, and engaging in protected activities; violations of the First and Fourteenth Amendments brought through 42 U.S.C. § 1983; and conspiracy under 41 U.S.C. § 1985. Ms. Lesley contends that the Defendants violated her constitutional and statutory rights.

4.  **Specify the allegations providing the basis for federal jurisdiction**.

    This action is authorized and instituted under the Constitution and laws of the United States pursuant to Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000e et seq. and 42 U.S.C. §§ 1983 and 1985. Subject-matter jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Jurisdiction supporting Plaintiff's claim for attorneys' fees and costs is conferred by 42 U.S.C. § 1988.

5.  **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons for disagreement.**

    None.

6. **Discuss whether the case is complex. If the parties believe that the case is complex, explain why and be prepared to address this issue, including scheduling and case management considerations, during the Initial Pretrial Conference.**

   This case is not complex beyond normal litigation with similar types of claims.

7. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None.

8. **List anticipated interventions.**

   None.

9. **Describe class-action issues, if any.**

   Not applicable.

10. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe specifically the arrangements that have been made to complete the disclosures.**

    The parties have agreed to exchange initial disclosures by August 20, 2025.

11. **Describe the proposed agreed discovery plan, including:**

    a. **Responses to all the matters raised in Rule 26(f).**

       Plaintiff may serve up to 10 interrogatories and 10 requests for admission on each defendant individually. Defendants' responses will be due according to the default rules.

       Defendants (collectively, not each) may serve up to 25 interrogatories and 25 requests for admission on Plaintiff. Plaintiff's responses will be due according to the default rules.

       The parties may serve unlimited requests for production of documents pursuant to default rules.

       **Rule 26(f)(3)(A) what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made:**

The Parties agree to produce documents and other tangible things by using respective bates prefixes as follows:

- LESLEY_000000; and
- COUNTY_000000

**Rule 26(f)(3)(B) the subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

Plaintiff will seek discovery on all matters relevant to her claims, including but not limited to the circumstances surrounding her termination, policies and procedures governing library personnel, comparators, communications between defendants and others, and defendants' asserted defenses.

Defendants will seek discovery on all matters relevant to their defenses including but not limited to the actions of the Plaintiff giving rise to her termination.

The parties do not believe it is necessary for discovery to be done in phases or limited to particular issues.

The parties propose that all discovery be completed within six (6) months. The parties propose that summary judgment motions be filed within 30 days after the close of discovery.

**Rule 26(f)(3)(C) any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:** None.

**Rule 26(f)(3)(D) any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502:** None.

**Rule 26(f)(3)(E) what changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed**: None.

**Rule 26(f)(3)(F) any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c):** None.

b. **When and to whom the plaintiff anticipates it may send**

**interrogatories.**

Plaintiff anticipates serving interrogatories on all named defendants.

c. **When and to whom the defendant anticipates it may send interrogatories.**

Defendants anticipate serving interrogatories on Plaintiff.

d. **Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff anticipates deposing all named defendants as well as others identified in her Complaint.

e. **Of whom and by when the defendant anticipates taking oral depositions.**

Defendants anticipate taking oral depositions of Plaintiff and the staff of the library who worked at the library during the time of the events in question.

f. **(i) Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to the opposing party.**

Plaintiff will designate her experts, with reports, ninety (90) days after the completion of Plaintiffs' fact witness depositions.

**(ii) Specify the date experts for defendants will be designated and their reports provided to the opposing party.**

Although it is unlikely that an expert will be required, Defendants will designate their expert(s), with report(s), within thirty (30) days of Plaintiff disclosing her expert(s).

g. **List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion dates. See Rule 26(a)(2)(B) (expert report).**

Due to the early nature of the proceedings in this case, it cannot be determined what (if any) expert depositions Plaintiff anticipates taking.

h. **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated completion dates. See Rule 26(a)(2)(B) (expert report).**

Due to the early nature of the proceedings in this case, it cannot be determined what (if any) expert depositions Defendants anticipate taking.

i. **Indicate whether the parties have conferred with their clients regarding obligations concerning electronically stored information. Also identify limitations on discovery of electronically stored information, as contemplated by Federal Rule of Civil Procedure 26(b)(2)(B) and the Local Rules of this Court.**

   Both parties have conferred with their respective clients regarding the obligation to save and protect ESI within their possession, custody, or control.

   The parties agree to revisit the need for an ESI protocol if the volume or complexity of electronically stored information appears significant.

   At this time, the parties anticipate that relevant ESI may include emails, text messages, and social media posts/communications.

j. **Discuss the scope and limits of planned discovery. Identify how the parties will ensure that anticipated discovery will be proportional to the needs of the case, and address each of those considerations set forth in Rule 26(b) regarding the scope of discovery in general.**

   The parties have discussed and agreed to limit the number of discovery requests as discussed above.

12. **If the parties have not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    N/A

13. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    None.

14. **State the date the parties believe planned discovery can reasonably be completed.**

    The parties believe that discovery can reasonably be completed within six months of the Initial Pretrial Conference, by Friday, February 20, 2026.

15. **Describe the possibilities for a prompt settlement or resolution of the case that**

**were discussed during your Rule 26(f) meeting.**

Counsel for the parties have discussed the possibility of an early resolution of this case through an in-person mediation in approximately thirty (30) days, pending scheduling. Parties are in the process of scheduling mediation with Judge Jeffrey A. Donnell in the second half of September.

16. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

    Counsel for the parties have discussed the possibility of resolution, agreed to keep lines of communication open regarding potential settlement, and have begun coordinating logistics for an in-person mediation in Gillette, Wyoming with Judge Jeffrey A. Donnell.

17. **From the attorneys' discussions with the client(s), state the alternative dispute resolution techniques that may be reasonably suitable:**

    Mediation.

18. **State whether a jury demand has been made and if it was made on time.**

    Defendants timely demanded a jury trial in their Answer.

19. **Specify the number of hours it is expected that it will take to present the evidence in this case.**

    The parties estimate that it will take approximately 30 hours to present the evidence at trial.

20. **List pending motions that could be ruled on at the Initial Pretrial Conference.**

    None.

21. **List other pending motions, if any.**

    None.

22. **Indicate other matters peculiar or unique to this case, including discovery, that deserve the special attention of the Court at the Initial Pretrial Conference.**

    None.

23. **Indicate whether the parties anticipate any amendments to the pleadings.**

None.

24. **List the names, bar numbers, addresses, email addresses, and telephone numbers for all counsel. List the names, addresses, email addresses and telephone numbers for all parties and unrepresented *pro se* litigants.**

    **Counsel for Plaintiff**

    Qusair Mohamedbhai, WY Bar No. 6-3809
    Iris Halpern*
    Azra Taslimi*
    Stephanie Wise*
    RATHOD | MOHAMEDBHAI LLC
    2701 Lawrence Street
    Denver, CO 80205
    Telephone: (303) 578-4400
    Facsimile: (303) 578-4401
    qm@rmlawyers.com
    ih@rmlawyers.com
    at@rmlawyers.com
    sw@rmlawyers.com
    ns@rmlawyers.com
    * *Admitted Pro Hac Vice*


    **Counsel for Defendants**

    Patrick T. Holscher, WY Bar No. 5-2724
    Peter J. Timbers, WY Bar No. 6-4285
    Meggan J. Hathaway, WY Bar No. 7-4856
    Kevin P. Bell, WY Bar No. 8-6656
    Schwartz, Bon, Walker & Studer LLC
    141 S. Center Street, Suite 500
    Casper, WY 82601
    Tel: (307) 235-6681 | Fax: (307) 234-5099
    pat@schwartzbon.com
    timbers@schwartzbon.com
    mhathaway@schwartzbon.com
    kbell@schwartzbon.com